**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Paul Anthony MAY, Defendant-Appellant.**

**No. 34872.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 9, 1973.

Robert A. Hampe, J. Martin Hadican, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., John Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant was charged by information with robbery in the first degree by means of dangerous and deadly weapon and with assault with intent to kill with malice. The jury found him guilty on both charges. The defendant was sentenced to five years for the robbery and ten years for the assault. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence and a brief statement will demonstrate that the evidence was sufficient from which a jury could find beyond a reasonable doubt that de-fendant was guilty of robbery in the first degree and assault with intent to kill with malice.

Michael Ryan, an employee of Pepsi-Cola Bottlers, was making a delivery in St. Louis City on July 14, 1971 when two men approached him and demanded his money. They went through his pockets and removed money and a check. Ryan was hit over the head with a gun which discharged on impact and he fell to the ground. He was then kicked several times and heard one of the men say "shoot him."

It was determined at the trial that about $42.00 was taken from Ryan. The $42.00 consisted of a check made payable to Pepsi-Cola in the amount of $15.40 and currency belonging to Ryan and the Company.

Two police officers, Vardeman and Bonds, arrived at the scene of the robbery and saw two men holding guns standing over Ryan. As the officers stopped their vehicle, the men fled and the officers pursued them. The men fired at the officers. When defendant was apprehended, he had in his possession a gun with one live bullet and two spent shell casings. Officer Vardeman testified that he had not lost sight of defendant from the time he saw defendant standing over Mr. Ryan until the time defendant was apprehended and that defendant had fired two shots at him. Defendant was later searched and found to have in his possession the $15.40 check payable to Pepsi-Cola.

Defendant testified that he had met an acquaintance, Mandel Crosby, the day of the incident but had not known that Crosby had intended to commit the robbery; that Crosby had committed the robbery in defendant's presence but without defendant's assistance; that defendant took the gun, money, and check from Crosby to prevent Crosby from stealing the money and check; that defendant ran when the police arrived; and that defendant had fired one shot but that he fired it merely to scare away a dog.

The defendant raises several points on this appeal. Although some of these points are not properly preserved for our review, we will determine all points on the merits rather than to answer defendant's claims that they are plain error under Rule 27.-20(c), V.A.M.R.

Three of the four errors asserted by defendant concern the instructions given by the court. Instruction 1 is the verdict director on the robbery charge and includes a concerted action paragraph.[1] Instruction 2 is a verdict director on the assault charge and does not include a concerted action paragraph.

■ Defendant contends that Instruction 1 is at variance with the information in that it contains the concerted action paragraph and the information charges defendant individually. Defendant asserts that this is confusing to the jury and prejudicial. We do not agree. The testimony of Officer Vardeman established defendant's presence at the scene of the robbery and defendant's possession of the stolen check. Mr. Ryan's testimony established that one of the assailants had committed the overt acts, but it was not clear which acts were committed by each of the assailants. This lack of clarity concerning which of the acts, which constitute the elements of the crime of robbery, were committed by defendant coupled with the account given by defendant in his own behalf necessitated the concerted action portion of Instruction 1. We feel that that instrucion properly submited the legal principles of this case to the jury. And it is well established that an accessory may be charged as a principal in an information. Section 556.170 RSMo 1969, V.A.M.S.; State v. Spica, 389 S.W.2d 35 (Mo.1965). We hold, therefore, that there is no prejudicial variance between Instruction 1 and the information.

■ Defendant next asserts that, since Instruction 1 makes reference to concerted action and Instruction 2 does not, the instructions are confusing and misleading. As we pointed out above, the testimony of Officer Vardeman and of Mr. Ryan necessitated the inclusion in Instruction 1 of the concerted action portion. Officer Vardeman positively identified defendant as the man who shot at him and this was sufficient for the jury to return a guilty verdict on the assault charge. Therefore, there was no need to include a concerted action reference in Instruction 2 and there is no misleading or confusing variance between Instructions 1 and 2.

■ Defendant next asserts that Instruction 1 is improper in that it does not require the jury to establish the ownership of the property taken. Instruction 1 required the jury to find that property was taken from Mr. Ryan against his will. A conviction of the crime of robbery requires a jury to find that property of another was taken from his person or from the person of his servant or agent in charge of the property. Section 460.120, RSMo 1969. The evidence in this case is uncontroverted that property of both Mr. Ryan and Pepsi-Cola was in the lawful possession of Mr. Ryan and was taken from his person and that part of that property was later found in defendant's possession. Therefore, Instruction 1 did not have to contain the requirement that the jury find ownership of the property. We hold that Instruction 1 properly submitted to the jury the charge of robbery.

■ Finally, the defendant asserts that he was prejudiced by the intervention of the trial court in the direct examination of Mr. Ryan. The court questioned Mr. Ryan concerning his state of mind at the time of the robbery and Mr. Ryan stated he was

1. "All persons are equally guilty who act knowingly together with a common intent in the commission of an offense, and an offense so committed jointly by two or more persons is the act of each and all, and whatever anyone does in futherance of the unlawful act is in law the deed of each of such persons."

scared. Defendant admits, as he must, that a trial judge has broad discretion in the examination of witnesses, and in the absence of a showing that the trial judge's interrogation constituted an abuse of that discretion and thereby deprived defendant of a fair trial, no prejudicial error has been demonstrated. See State v. Lay, 427 S.W.2d 394 (Mo.1968). The information charged defendant with taking property by putting Mr. Ryan in fear of injury to his person. The trial court merely sought to establish the element of fear. We have throughly reviewed the trial court's interrogation of Mr. Ryan and find that it was conducted in a fair and impartial manner for a proper purpose and in no way prejudiced the defendant.

The judgment is affirmed.

WEIER and CLEMENS, JJ., concur.